TIMOTHY J. YOO (State Bar No. 155531)
tjy@lnbyb.com
CARMELA T. PAGAY (State Bar No. 195603)
ctp@lnbyb.com
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for Plaintiff
Alberta P. Stahl, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ADAM JINSOO SHIM,<br><br>Debtor.<br>_____<br>ALBERTA P. STAHL, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>JOO HEE SHIM and ADAM JINSOO SHIM,<br><br>Defendants. | Case No. 2:16-bk-16552-ER<br><br>Chapter 7<br><br>Adv. No. 2:16-ap-_____-ER<br><br>**COMPLAINT FOR:**<br><br>(1) **AVOIDANCE OF FRAUDULENT TRANSFER;**<br>(2) **RECOVERY OF AVOIDED TRANSFER; AND**<br>(3) **TURNOVER OF PROPERTY**<br><br>[11 U.S.C. §§ 542, 544, 548 and 550]<br><br>Date: [TO BE SET BY SUMMONS]<br>Time:<br>Place: Courtroom 1568<br>    Roybal Federal Building<br>    255 E. Temple Street<br>    Los Angeles, CA |

1

Plaintiff Alberta P. Stahl, Chapter 7 Trustee (the "Plaintiff" or "Trustee") for the bankruptcy estate of *In re Adam Jinsoo Shim* avers and complains, by way of this Complaint, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and 11 U.S.C. §§ 542, 544, 548, and 550 and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 266, dated October 9, 1984.

2. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O).

3. Venue is proper in this Court under 28 U.S.C. § 1409(a) as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this district.

## PARTIES

4. On May 18, 2016 (the "Petition Date"), Adam Jinsoo Shim (the "Debtor") commenced this case by filing a Voluntary Petition under Chapter 7 of the Bankruptcy Code.

5. Thereafter, Plaintiff Alberta P. Stahl, being duly-qualified, was appointed and presently is the acting Chapter 7 Trustee of the Debtor's bankruptcy estate.

6. Plaintiff is informed and believes and based thereon alleges that defendant Joo Hee Shim ("Defendant") is an individual residing in Los Angeles County, California and is subject to the jurisdiction of this Court.

7. Plaintiff is informed and believes and based thereon alleges that Defendant is the Debtor's spouse.

///

///

## GENERAL ALLEGATIONS

8. Plaintiff is informed and believes and based thereon alleges that prior to the Petition Date, the Debtor and Defendant owned the real property located at 14629 Poner St., La Mirada, California 90638 (the "Property") as joint tenants.

9. Plaintiff is informed and believes and based thereon alleges that on or about January 22, 2016, the Debtor transferred his interest the Property to Defendant via an Interspousal Transfer Grant Deed to "Joo Hee Shim, a Married Woman as Her Sole and Separate Property," which was recorded as Inst. No. 20160078562 in the Los Angeles County Recorder's Office (the "Transfer"). A true and correct copy of the Grant Deed is attached hereto as **Exhibit A.**

10. The Transfer was a transfer of an interest of the Debtor in the Property.

11. Plaintiff is informed and believes and based thereon alleges that the Transfer was made for no consideration.

12. Plaintiff is informed and believes and based thereon alleges that Defendant currently holds title to the Property.

13. Plaintiff is informed and believes and based thereon alleges that the Debtor continues to reside at the Property.

14. According to Debtor's Schedule F, the Debtor had significant debts as of the time of the Transfer.

15. Plaintiff is informed and believes and based thereon alleges that Debtor had been sued or threatened with suit at the time of the Transfer.

16. Plaintiff is informed and believes and based thereon alleges that Jeffries Bell Property had commenced an action against the Debtor among others in the Los Angeles Superior Court on December 31, 2015 as Case No. 15UN4586, and that a notice of trial was filed in such action on or about January 20, 2016, only a few days prior to the Transfer.

17. Plaintiff is informed and believes and based thereon alleges that Awesome Products, Inc. had commenced an action against the Debtor's company, Tradex Products, Inc. on

February 19, 2016, following demands for payment and/or other relief made to the Debtor before or around the time of the Transfer.

### FIRST CLAIM FOR RELIEF

(Avoidance and Recovery of Fraudulent Transfer Pursuant to

11 U.S.C. §§ 544(b) and 550(a) and California Civil Code § 3439.04(a)(1) and 3439.07)

(Against Defendant)

18. Plaintiff realleges each and every allegation contained in paragraphs 1 through 17, inclusive, of this Complaint as if set forth fully herein.

19. Plaintiff is informed and believes and based thereon alleges that the Transfer was made with the actual intent to hinder, delay, or defraud any creditor of the Debtor.

20. Plaintiff is informed and believes and based thereon alleges that the following factors with respect to the Transfer show the actual intent of the Debtor:

    a. The Transfer was made to an insider.

    b. The Debtor retained possession or control of the Property after the Transfer.

    c. The Debtor failed to disclose the Transfer.

    d. The Debtor had been sued or threatened with suit before the Transfer was made.

    e. The Transfer rendered the Debtor totally judgment proof as the Property was the Debtor's main asset with value.

    f. The Debtor received no consideration for the Transfer.

    g. The Debtor was insolvent or became insolvent shortly after the Transfer was made in that the sum of the Debtor's debts exceeded all of the Debtor's nonexempt assets.

    h. The Debtor had incurred substantial debts before and after the time of the Transfer.

///

21.     Plaintiff is informed and believes and based thereon alleges that there was a creditor in existence at the time of the Transfer that holds an allowable unsecured claim against the Debtor.

22.     The Transfer constitutes an avoidable transfer under California Civil Code §3439.04(a)(1), and is therefore avoidable by Plaintiff pursuant to 11 U.S.C. 544(b).

### SECOND CLAIM FOR RELIEF

(Avoidance and Recovery of Fraudulent Transfer Pursuant to

11 U.S.C. §§ 544(b) and 550(a) and California Civil Code § 3439.04(a)(2) and 3439.07)

(Against Defendant)

23.     Plaintiff realleges each and every allegation contained in paragraphs 1 through 22, inclusive, of this Complaint as if set forth fully herein.

24.     Plaintiff is informed and believes and based thereon alleges that the Debtor made the Transfer to Defendant without receiving a reasonably equivalent value in exchange for the Transfer as the Transfer was made for no consideration.

25.     Plaintiff is informed and believes and based thereon alleges that at the time the Debtor made the Transfer, the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction.

26.     Plaintiff is informed and believes and based thereon alleges that at the time the Debtor made the Transfer, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

27.     The Transfer constitutes a fraudulent transfer under 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq. and, therefore, is avoidable by the Trustee.

///

///

///

### THIRD CLAIM FOR RELIEF

(Avoidance and Recovery of Fraudulent Transfer Pursuant to

11 U.S.C. §§ 544(b) and 550(a) and California Civil Code § 3439.05 and 3439.07)

(Against Defendant)

28. Plaintiff realleges each and every allegation contained in paragraphs 1 through 27, inclusive, of this Complaint as if set forth fully herein.

29. Plaintiff is informed and believes and based thereon alleges that the Debtor made the Transfer to Defendant without receiving a reasonably equivalent value in exchange for the Transfer.

30. Plaintiff is informed and believes and based thereon alleges that the Debtor was insolvent at the time of the Transfer or became insolvent as a result of the Transfer in that the sum of the Debtor's debts exceeded all of the Debtor's nonexempt assets.

31. The Transfer constitutes a fraudulent transfer under 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq. and, therefore, is avoidable by the Trustee.

### FOURTH CLAIM FOR RELIEF

(Avoidance and Recovery of Fraudulent Transfer Pursuant to

11 U.S.C. §§ 548(a)(1)(A) and 550(a))

(Against Defendant)

32. Plaintiff realleges each and every allegation contained in paragraphs 1 through 31, inclusive, of this Complaint as if set forth fully herein.

33. Plaintiff is informed and believes and based thereon alleges that the Transfer was made within two years before the Petition Date.

34. Plaintiff is informed and believes, and based thereon alleges that the Transfer was made by the Debtor with the actual intent to hinder, delay or defraud any entity to which the Debtor was or became, on or after the date that the Transfer was made, indebted.

///

35. Plaintiff is informed and believes and based thereon alleges that the following factors with respect to the Transfer show the fraudulent intent of the Debtor:

  a. The Transfer was made to an insider.

  b. The Debtor retained possession or control of the Property after the Transfer.

  c. The Debtor failed to disclose the Transfer.

  d. The Debtor had been sued or threatened with suit before the Transfer was made.

  e. The Transfer rendered the Debtor totally judgment proof as the Property was the Debtor's main asset with value.

  f. The Debtor received no consideration for the Transfer.

  g. The Debtor was insolvent or became insolvent shortly after the Transfer was made in that the sum of the Debtor's debts exceeded all of the Debtor's nonexempt assets.

  h. The Debtor had incurred substantial debts before and after the time of the Transfer.

36. The Transfer constitutes a fraudulent transfer under 11 U.S.C. § 548(a)(1)(A) and is, therefore, avoidable by Plaintiff.

### FIFTH CLAIM FOR RELIEF

(Avoidance and Recovery of Fraudulent Transfer Pursuant to

11 U.S.C. §§ 548(a)(1)(B) and 550(a))

(Against Defendant)

37. Plaintiff realleges each and every allegation contained in paragraphs 1 through 36, inclusive, of this Complaint as if set forth fully herein.

38. Plaintiff is informed and believes and based thereon alleges that the Debtor received less than reasonably equivalent value in exchange for the Transfer as the Debtor did not receive any consideration for the Transfer.

7

39. Plaintiff is informed and believes and based thereon alleges that by virtue of the Transfer, the Debtor was insolvent or became insolvent as a result of such Transfer in that the sum of the Debtor's debts exceeded all of the Debtor's nonexempt assets.

40. Plaintiff is informed and believes and based thereon alleges that by virtue of the Transfer, the Debtor was engaged in or was about to engage in a business or a transaction for which any property remaining with the Debtor was an unreasonably small capital.

41. Plaintiff is informed and believes, and based thereon alleges that by virtue of the Transfer, the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

42. Plaintiff is informed and believes, and based thereon alleges that by virtue of the Transfer, the Debtor made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

43. The Transfer constitutes a fraudulent transfer under 11 U.S.C. § 548(a)(1)(B) and therefore is avoidable by Plaintiff.

### SIXTH CLAIM FOR RELIEF

(To Recover Avoided Transfer - 11 U.S.C. § 550)

(Against Defendant)

44. Plaintiff realleges each and every allegation contained in paragraphs 1 through 43, inclusive, of this Complaint as if set forth fully herein.

45. Plaintiff is informed and believes, and based thereon alleges, that Defendant was the initial transferee of the Transfer, or that he was the individual for whose benefit the Transfer was made, or that she was the immediate or mediate transferee of the initial transferee receiving the Transfer.

///

///

46.    Upon avoidance of the Transfer, Plaintiff is entitled to recover from Defendant the Property transferred or the value of the Property transferred, for the benefit of the Debtor's estate pursuant to 11 U.S.C. § 550.

### SEVENTH CLAIM FOR RELIEF

(For Turnover of Property - 11 U.S.C. § 542)

(Against Defendant and Debtor)

47.    Plaintiff realleges each and every allegation contained in paragraphs 1 through 46, inclusive, of this Complaint as if set forth fully herein.

48.    To the extent Plaintiff is successful in avoiding the Transfer, the Property constitutes property of the estate pursuant to 11 U.S.C. § 541.

49.    Plaintiff is informed and believes and based upon such information and belief alleges that Defendant and/or the Debtor are in possession of the Property.

50.    The Property should be turned over to the Trustee pursuant to 11 U.S.C. § 542 so the Property can be marketed and sold for the benefit of the Debtor's creditors.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A.    For a judgment by the Court avoiding the Transfer and recovering the Transfer or its value for the benefit of the Debtor's bankruptcy estate;

B.    For a judgment compelling Defendant and the Debtor to turn over the Property to the Trustee pursuant to 11 U.S.C. § 542; and

C.    For such other and further relief as the Court deems just and proper.

DATED: June 14, 2016

    LEVENE, NEALE, BENDER, YOO &
    BRILL L.L.P.

    By: /s/ Carmela T. Pagay
    TIMOTHY J. YOO
    CARMELA T. PAGAY
    Attorneys for Plaintiff
    Alberta P. Stahl, Chapter 7 Trustee

# Exhibit A

RECORDING REQUESTED BY

WHEN RECORDED MAIL TO:

Joo Hee Shim
14629 Poner St.
La Mirada, CA 90638



01/22/2016
*20160078562*

2

3

SPACE ABOVE THIS LINE IS RESERVED FOR RECORDER'S USE

TITLE

Interspousal Transfer Grant Deed.

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

Fidelity-Sherman Oaks

RECORDING REQUESTED BY:

Order No.
Escrow No.
Parcel No. 8061-008-015

AND WHEN RECORDED MAIL TO:

JOO HEE SHIM
14629 PONER STREET
LA MIRADA, CA 90638

3

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# INTERSPOUSAL TRANSFER GRANT DEED
(Excluded from reappraisal under California Constitution Act 13 A 1.et.seq.)

DOCUMENTARY TRANSFER TAX $NONE

This is an Interspousal Transfer and not a change in ownership under §63 of the Revenue and Taxation Code and Grantor(s) has (have) checked the applicable exclusion from reappraisal:

☐ From Joint Tenancy to Community Property
☐ From One Spouse to Both Spouses
☐ From One Spouse to the Other Spouse
☒ From Both Spouses to the Other Spouse
☐ Other:

ACCOMMODATION
sent to recorder per request of the parties herein. It has not been examined as to its effect and validity

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, GRANTOR
**Adam Jinsoo Shim and Joo Hee Shim, Husband and Wife as Joint Tenants**

hereby GRANTS to **Joo Hee Shim, a Married Woman as Her Sole and Separate Property**

the real property in the City of La Mirada, County of Los Angeles, State of California:

See Exhibit "A" attached hereto and made a part hereof

More commonly known as: **14629 Poner Street, La Mirada, CA 90638**

"This conveyance establishes sole and separate property of a spouse, R & T 11911

Dated   January 19, 2016

_____       _____
Adam Jinsoo Shim                    Joo Hee Shim

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES } s.s.

On JANUARY 19, 2016, before me, KYUNGHEE CINDY LEE-PAK, a notary pulic personally appeared ADAM JINSOO SHIM & JOO HEE SHIM, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

KYUNGHEE CINDY LEE-PAK
COMM. #2070459
Notary Public - California
Los Angeles County
My Comm. Expires June 6, 2018

Mail Tax Statements to: SAME AS ABOVE or Address Noted Below

15

4

EXHIBIT "A"

LOT 327 OF TRACT NO. 15930, IN THE CITY OF LA MIRADA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 478 PAGES 1 TO 8 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM AN UNDIVIDED ONE-HALF INTEREST IN ALL OIL, GAS, MINERALS, AND OTHER HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET, BUT WITH NO RIGHT OF SURFACE ENTRY, AS PROVIDED IN DEED RECORDED FEBRUARY 4, 1953 IN BOOK 40889 PAGE 92, OFFICIAL RECORDS.

EXCEPT THEREFROM AN UNDIVIDED 50% IN ALL OIL, GAS, MINERALS, AND OTHER HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET, BUT WITH NO RIGHT OF SURFACE ENTRY, AS PROVIDED IN DEED RECORDED JUNE 15, 1954 IN BOOK 44817, PAGES 86 AND 120. OFFICIAL RECORDS.

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.